# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| AMY TOOKE, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | CASE NO: |
| : | 7:26-cv-38–WLS |
| KRISTI NOEM, *et al.*, : | |
| : | |
| Respondents. : | |
| _____ : | |

## ORDER

On February 27, 2026, Amy Tooke filed a Petition for Writ of Habeas Corpus, a motion for temporary restraining order, and three emergency motions on behalf of her spouse Renzo Zuniga Macchiavel!o ("Mr. Zuniga"), asserting next friend standing. (Docs. 1, 2, 3, 4, & 5). Normally, Court would consider the TRO motion and each emergency motion in turn. However, the Court cannot consider the case of an individual who lacks standing. Therefore, the Court must analyze Tooke's standing as next friend of Mr. Zuniga before reaching the merits of any motion.

In habeas corpus cases, a "next friend" may proceed on behalf of a prisoner who is unable to seek relief himself. *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999). A next friend "must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action" and the next friend "must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate," which likely requires "some significant relationship with the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition." *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007).

The Eleventh Circuit has held a petition must explain why it was necessary for the actual person of interest to proceed by a next friend. *Id.* Simply stating that someone was the

interested person's spouse and that the interested person "was unable to initiate the petition from prison" is inadequate. *Id.* Tooke alleges that Mr. Zuniga is detained, has limited ability to litigate from custody, faces language, access-to-counsel, and practical barriers to filing and prosecuting his petition. (Doc. 1 at 2). This description does not allege with sufficient specificity why Mr. Zuniga must proceed by a next friend. Indeed, most immigrants in detention likely face language, access-to-counsel, and practical barriers. Yet this has not prevented habeas corpus cases brought by immigrants in detention facilities from properly reaching the Court. Indeed, the Court's view of Tooke's next friend status wholly tracks that of the Order entered by United States Magistrate Judge Alfreda L. Sheppard. (Doc. 7). The Court leaves that Order undisturbed, as it agrees Tooke might sufficiently demonstrate next friend status through additional briefing.

Because Tooke has not yet demonstrated facts necessary for next friend status, the Court cannot consider her motion for TRO and emergency motions at this time. Therefore, her motion for TRO and emergency motions (Docs. 2, 3, 4, & 5) are **DENIED**, without prejudice. Because these motions are denied without prejudice, Tooke is free to refile upon the proper showing.

**SO ORDERED**, this 27th day of February 2026.

/s/ W. Louis Sands_____
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2